<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PETER GOODCHILD, ELIEZER SOTO :
CONCEPCION, JOAN ABREU-FELIZ :
and MICHAEL WINANS, :
individually and on behalf :
of all others similarly :
situated,, :
: CIV. NO. 21-790 (RMB)
Petitioners :
:
v. : **ORDER**
:
DAVID E. ORTIZ, WARDEN, :
:
Respondent[1] :

Petitioners Peter Goodchild, Eliezer Soto Concepcion, Joan Abreu-Feliz and Michael Winans, prisoners incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 as a putative class action,[2] alleging the conditions of confinement in the FCI Fort Dix Prison Camp, after a major

---

[1] "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004) (citations omitted). Therefore, the Court will administratively terminate Michael Carvajal and Dr. Nicolletta Turner-Foster as respondents in this matter.

[2] Petitioners also assert jurisdiction under 28 U.S.C. § 1651 and 28 U.S.C. § 1331, and seek declaratory judgment under 28 U.S.C. § 2201.

outbreak of COVID-19, violate the Eighth Amendment of the United States Constitution. Petitioners, who have chronic medical conditions, seek immediate release from prison based on their risk of serious complications or death from COVID-19.

When litigants file a joint petition or putative class action, each must sign the petition[3] and submit the appropriate filing fee for a habeas petition. See Hagan v. Rogers, 570 F.3d 146, 155 (3d Cir. 2009) ("The plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 by requiring each joined prisoner to pay the full individual fee"); 28 U.S.C. § 1914(a) (setting habeas filing fee at five dollars). Here, only Peter Goodchild has signed the petition and none of the petitioners have paid the filing fee or submitted an IFP application. Due to the urgent nature of the petition, the Court will direct Respondent to file an expedited answer. In the meantime, each petitioner must submit a signed petition and pay the $5 filing fee or alternatively submit an application to proceed in forma pauperis under 28 U.S.C. § 1915(a) within 30 days of the date of this Order, to avoid administrative termination of this matter.

---

[3] See Rules Governing Section 2254 Cases in the United States District Courts, Rules 1 (scope of the rule, applicable to cases under 28 U.S.C. § 2241) and 2(c)(5) (the petition).

"[P]ro se litigants are generally not appropriate as class representatives." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009). However, upon a showing of each petitioner that he is financially eligible for appointment of counsel, which may be shown by submission of an IFP application described above, the Court will appoint counsel under 18 U.S.C. § 3006A(a)(2)(B). If counsel is appointed, counsel may determine whether to pursue a class action. At this time, Respondent need not address the class claims but only the consolidated claims of the four petitioners.

**IT IS** therefore on this **29th day of January 2021**,

**ORDERED** that the Clerk file the petition (Dkt. No. 1); Petitioners Soto Concepcion, Abreu-Feliz, and Winans shall submit a signed copy of the petition, and it is further

**ORDERED** that each petitioner must either pay the $5 filing fee or submit a properly completed application under 28 U.S.C. § 1915(a) within 30 days of the date of this Order, to avoid administrative termination of this matter; and it is further

**ORDERED** that the Clerk shall serve this Order and a blank form "Affidavit of Poverty and Account Certification (Habeas Corpus)" on each petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall send Petitioners Soto Concepcion, Abreu-Feliz, and Winans a blank copy of the form

3

"Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241;" and it is further

**ORDERED** that the Clerk shall administratively terminate Michael Carvajal and Dr. Nicolletta Turner-Foster as respondents in this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of the petition (Dkt. No. 1) and this Order, upon Respondent, the warden of FCI-Fort Dix, by regular mail with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the petition (Dkt. No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 7 days of the date of the entry of this Order, Respondent shall file and serve an Answer which responds to the allegations and grounds in the petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the Answer certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses; and it is further

**ORDERED** that within 7 days of receipt of the Answer, petitioners may file a Reply to the Answer.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

5