Schedule of Fees, Local Civil Rules, United States District Court for the District of New Jersey[17]), or submit an IFP application as plaintiffs to a civil action.

Finally, to the extent that this Court perceives that Petitioners are pursuing civil claims apart from habeas, any such claims are subject to judicial screening under 28 U.S.C. § 1915A. Under 1915A screening, any putative claims in the Petition must be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, Petitioners reference the Rehabilitation Act, a federal disability discrimination law, but make no attempt whatsoever to plead a claim under this statute. Claims under 29 U.S.C. § 794 require pleading that the plaintiff has a disability; is qualified for a benefit as part of a federally-funded program; and was denied that benefit by reason of his disability. *Baxter v. Pa. Dep't of Corr.*, 661 F. App'x 754, 757 (3d Cir. 2016). No such pleading exists here.

## CONCLUSION

For the foregoing reasons, Respondent asks that this Court dismiss the Petition or, alternatively, deny it on the merits.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:   *s/Jane Dattilo*
      JANE DATTILO
      JOHN STINSON

Date: February 5, 2021                    Assistant U.S. Attorneys

---

[17] Available at: https://www.njd.uscourts.gov/sites/njd/files/APPKRevised.pdf (last visited Feb. 5, 2021).