RECEIVED
FEB 16 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

February 8, 2020

Peter Goodchild
76304-066
Fort Dix Camp
PO Box 2000
JB MDL, NJ 08640

The Honorable Renee Marie Bumb
Judge, District Court
Mitchell H. Cohen Bldg & US Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 0101

Re. Goodchild, et al v. Ortiz, et al
    Case No 1:21-CV-00790(RMB)

Your Honor,

We are writing regarding the above-referenced matter to address some administrative issues involved therein.

As ordered by the Court we are in the process of providing a fully executed and signed Petition for the Writ of Habeas Corpus. As inmates at Fort Dix, we are, among other inconveniences, subject to the vagaries of the prison postal system. Combined with the overall slowness of the mail in the nation due to the pandemic, our efforts are significantly impeded by circumstances beyond our control. A friend has graciously been watching our docket on PACER and managed to send us the Court's January 29 order on the same day it was issued. Since we have no access to word processing, we asked our friend to rework a signature page containing all four required signature blocks. That was done within hours and emailed to another friend in Philadelphia. That person placed that page in the mail to Fort Dix on Saturday January 30, 2021 for our signatures. To date, we have not received that page. Once we do, it will be signed and returned to Philadelphia where the additional $15 in Filing Fees will be added and it will then be mailed to the Court (we, of course, have no access to cash or money orders). We apologize for this delay, but are exercising diligence to meet the 30 day deadline for that Order.

This brings us to our second issue which is the seven-day deadline for our response to the Government's Answer. Once again, our PACER friend was able to get the Government's Answer to us rapidly and we have received the main response (minus the declarations) via email. We are already drafting our reply. We do feel, however, that due to the previously discussed mail slow down, we may not be able to meet the seven day deadline. We are respectfully requesting a modest time extension of seven additional days to be sure we have time to properly reply.

The Court, in its Order, cited Hagan v. Rogers in that generally pro se litigants are not appropriate as class representatives, and that the Court would appoint counsel under 18 USC 3006A(a)(2)(B) and that such counsel would determine whether to pursue a class action. The Court allowed that as Petitioners, our financial eligibility may be shown by submission of an IFP application. The In Forma Pauperis form is appropriate for showing poverty so that the $5 Filing Fee may be waived. As a result, certification requires that the signatories of said form must prove that they have not had $200 in their prison spending account at any time during the previous six months. While this may be a reasonable hurdle to show that a $5 Fee may be waived, it seems a different matter to require that level of depredation to be assigned counsel in a class action suit. While most of the Petitioners have had $200 in their commissary accounts, none has the financial wherewithal to hire an attorney for an undertaking of this scope and breadth. We are all employed by the Bureau of Prisons and none of us earns more than $100 per month. If the Court requires us to swear to a certain maximum net worth, we would provide documentation to that effect.

We understand that an attorney would provide much needed help with many aspects of this case, not least of which would be the simplification of the process required to address the issues herein. We also wish to proceed with the case even if we do not satisfy the monetary requirements to retain appointed counsel, or if said counsel subsequently decides not to pursue class

action.

Finally, as another example of the issues we are experiencing with the prison mail system, enclosed you will find a copy of a Supplement to our original Petition mailed to you care of the US Courthouse in Trenton on January 25, 2021. Since it does not appear on the Docket, we are not sure that the Court has received it. We hope the Court will understand the severity of the crisis we face here at Fort Dix Camp and will understand our need to see this matter through.

Respectfully submitted,

_____
Peter Goodchild

_____
Eliezer Soto-Concepcion

_____
Joan Abreu-Feliz

_____
Michael Winans

January 25, 2021

Peter Goodchild
Reg No. 76304066
Fort Dix Camp
PO Box 2000
JB MDL, NJ 08640

The Honorable Renee Marie Bumb
Clarkson S Fisher Bldg & US Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

Re: Goodchild, et al v. Ortiz et al
    Case No. 1:2021-CV-00790

Your Honor,

It is with a heavy heart that I write to you today with tragic news that directly bears on the disposition of the referenced case.

Sadly, on January 22, 2021, Myron Crosby Jr., Register No. 00562-138, died from complications associated with Covid-19. At all times relevant to the class action suit before the Court, Mr. Crosby was one of the incarcerated individuals housed at the Camp. He was being held in the A-Wing and was tested on December 28, 2020 for the virus. It was not until January 4, 2021 that he was quarantined. Instead of being moved to the medical unit in the West Compound of the Low Security Prison as he requested, Mr. Crosby was instead placed in Unit 5851, a housing unit that was not in use and had no facilities or personnel appropriate for providing care for men with severe complications of the disease.

Mr. Crosby was 58 years of age, had a heart attack while in BoP custody, a history of kidney issues, morbid obesity, poorly controlled hypertension, and type-2 diabetes. All of these conditions are recognized by the CDC as factors that would make a person likely to suffer severe complications, or result in death, from Covid-19.

After suffering from worsening conditions for four days, bed-ridden, complaining of his symptoms, and asking for care, Mr. Crosby was taken to Robert Wood Johnson Hospital on or about January 8, 2021. A search of BoP.gov's 'Inmate Finder' currently lists Myron Crosby Jr.'s release date as "DECEASED." His date of death is listed as January 22, 2021. As of January 24, 2021, the BoP Coronavirus page for FCI Fort Dix lists zero deaths.

On January 11, the 38 men being held at building 5851 were moved back to the Camp. On that date, the BoP website listed 787 positive men in FCI Fort Dix, and the staff of Fort Dix could no longer spare the space. Meanwhile, as noted in our action, the B-Wing had been tested on January 6, 2021.

The Respondents decided to move the men from Building 5851 into the B-Wing on January 11. They compiled a list of the B-Wing men who tested positive and allowed them to remain in the B-Wing. All other men were moved to the A-Wing to join the men who had tested negative on January 4. The linens and lockers of the men who had tested positive from the A-Wing on January 4 had remained in the A-Wing. The men from the A-Wing who had tested negative were required to move those belongings to the central hallways of the Camp.

Unbelievably, an inmate who self-surrendered at noon on January 11 was 'Ready-Tested' and sent to live in the A-Wing two hours later. In another 'tragedy of errors' the staff realized on January 12th, that the list from the previous day's move was not complete and that they had moved five men whose results had not yet been tabulated into the disease free A-Wing. Those five men's tests shortly thereafter came in positive and thus once again the staff had exposed healthy men to the potentially deadly disease. After those 5 men were moved back to the B-Wing, the Respondents chose once again to do nothing: no tests have been performed on the more than 60 men who were exposed, including the man who had self-surrendered that day.

The day before Myron's death, a delegation of all the members of the United States Congress from the State of New Jersey, frustrated at having been ignored three times by the Director of the BoP Michael Carvajal, wrote to Michael Horowitz, Inspector General of the Department of Justice, citing the BoP's "failure to control the outbreak" of Covid-19 at Fort Dix. The delegation asked for an investigation into, among other things, transfers to home confinement, as they were "gravely concerned that without additional oversight, the BoP will continue to endanger the lives of the incarcerated individuals and staff at FCI Fort Dix."

As mentioned in the instant case pending before this Court, no one from the Camp had contact with any person or agency outside of the Camp, besides Fort Dix staff, for months before the latest wave of infection. The only possible and plausible vector of infection was through the direct actions and omissions of the staff.

The opening words of our suit, "we have been left to die" were not dramatic hyperbole. They were a declaration that the Respondents were acting and refusing to act with deliberate indifference to human life. We pray no further lives are lost. We respectfully implore the Court to act with all possible haste to avoid further loss of life.

Respectfully submitted,

Peter Goodchild

Peter Goodchild
76304066
Fort Dix Camp
PO Box 2000
JBMDL, NJ 08640

TRENTON NJ 085

9 FEB 2021 PM 4 L

RECEIVED

FEB 16 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

The Honorable Renee Marie Bumb
Judge, District Court
Mitchell H. Cohen Bldg + US Courthouse
4th + Cooper Streets, Room 1050
Camden, NJ 08101

08102-152121